## E. B. Hillman v. James T. Roney et al.

1. CO-PARTNERS—*Agreement Constituting.*—An agreement by and between F. J. Fitzwilliam, James T. Roney of Bloomington, Ill., and E. B. Hillman, of Peoria, Ill., as follows—"We have by purchase from E. B. Hillman & Co., of Peoria, Ill., this day become the owners of the Lexington, Ill., electric light plant, including the contracts and franchise therefor, each owning therein the following interest: F. J. Fitzwilliam thirty-seventieths. James T. Roney five-seventieths, and E. B. Hillman thirty-five-seventieths. The title to said plant is to remain in E. B. Hillman, in trust for the parties hereto, and is to be operated by him for a period not to exceed six months, for the benefit of the parties hereto, but he is to receive therefor only the necessary expenses of operation. Said plant is to be sold as soon as it can be profitably done and said E. B. Hillman is to make all reasonable effort to sell said plant within six months, and when the same is sold the net proceeds are to be divided in proportion to the above holdings,"—constitutes the parties thereto co-partners.

**Bill for Settling a Partnership, etc.**—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Decree for complainant. Appeal by defendants. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

On July 14, 1893, F. J. Fitzwilliam, James T. Roney and E. B. Hillman entered into a written contract with each other wherein they stated that they had purchased from E. B. Hillman and Company of Peoria, Illinois, the Lexington, Illinois, electric light plant, each owning therein the following interest: "F. J. Fitzwilliam thirty-seventieths (30-70), James T. Roney five-seventieths (5-70) and E. B. Hillman thirty-five-seventieths (35-70.)" The title to the plant to remain in E. B. Hillman, in trust for the parties, and to be operated by him for a period not to exceed six months, for the benefit of the parties, but that he was to receive therefor only the necessary expenses of operation, the plant to be sold as soon as it could be profitably done, and the said E. B. Hillman to make all reasonable effort to sell the plant within six months, and when the same was sold, the net proceeds to be divided in the proportion to the above holdings.

E. B. Hillman made little, if any, effort to sell the plant until the summer of 1896. During all of this time he operated the plant and received all the profits therefrom. The firm of E. B. Hillman & Co., of which he was a member, furnished the plant with what was needed to run it and charged for the same the usual charges made to its customers; Roney and Fitzwilliam at different times urged Hillman to make reasonable efforts to sell the plant, and during the year 1896, made demands upon him to pay them their share of the profits of the plant, but failed to receive anything from Hillman. A short time before this suit was commenced Hillman claimed that the firm owed him a balance. During the time that Hillman operated the plant he rendered to Fitzwilliam and Roney monthly statements in which he purported to give the receipts and expenditures. In the statements he charged for the services of one E. P. Reeder, the sum of $2.50 per day, but after Fitzwilliam and Roney demanded of him their share of the

profits, Hillman claimed he should be credited $4 per day for the services of Reeder instead of $2.50 per day (the excess claimed amounting to $541), and that he should be paid $500 as compensation for his services in trying to sell the plant, and the sum of $950 for expert management of the same, none of which items were shown in any of the monthly statements, but were all claimed by Hillman on the trial of this case and constitute the principal dispute between the parties. James T. Roney filed a bill of complaint against Hillman and Fitzwilliam January 9, 1897, alleging a partnership between him and them, and prayed for a settlement of the same, the appointment of a receiver, an accounting, sale of the partnership property and an injunction against Hillman. The defendant Hillman, on February 4, 1897, filed his answer, in which he admitted the partnership as alleged in complainant's bill, but denied profits received in running the plant, and claimed compensation for running it. On the 22d day of February, 1897, the first evidence in the cause was taken, and on March 9, 1897, the defendant Hillman filed an amended answer in which he neither admitted nor denied the co-partnership as alleged in the bill. On January 24, 1898, after the cause had been tried and argued, the defendant Hillman, by leave of court, filed an amendment to his amended answer in which he denied the existence of a co-partnership between the parties. The cause was referred to the master in chancery before whom the evidence was taken, and reported to the court without conclusions, and the cause was tried by the court upon this evidence, from which the court found for the complainant and disallowed Hillman's claim for $541, extra compensation of Reeder, $500 for his services, and $950 for expert management; and granted the injunction, and appointed Noah Franklin, of Lexington, Illinois, receiver of the electric light plant. The parties to this cause filed a stipulation in this court in which the appellant waived the tenth error assigned, questioning the appointment of the receiver, and insists the court improperly found there was a co-partnership between the parties, erroneously

disallowed the above items claimed by Hillman, and ought to have dismissed the bill.

CALVIN RAYBURN, attorney for appellant.

WELTY & STERLING, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The evidence in this record satisfies us that the findings and decree of the court below are in accordance therewith. The agreement between the parties was in writing, and its terms were correctly set out in the bill. This agreement, we think, constituted the parties thereto partners, as it fixed the proportionate interest of each in the property, provided that appellant should run the plant for the benefit of the three and sell same, all without compensation, and it impliedly fixed the shares of each in the profits and losses in operating the same, in same proportion as the ownership; all of which was correctly set out in the bill. The evidence was conflicting on the questions of subsequent agreements made between the parties, providing for the payment of compensation to the appellant, and the credits he ought to be allowed for operating the plant, but we are satisfied the learned chancellor who tried this case in the court below found the facts in accordance with the weight of the evidence and made an equitable decree between the parties on those facts, hence we will not disturb it.    Decree affirmed.